UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50765

_____

Michelle SATTERWHITE,

Plaintiff-Appellant,

v.

Jo Anne B. BARNHART,
Commissioner of Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Western District of Texas
(A-99-CV-754-SC)

_____

June 6, 2002

Before DAVIS, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff Michelle Satterwhite appeals from the Social
Security Administration's ("the Administration's") decision denying
her disability benefits under the Social Security Act ("the Act").

_____

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Satterwhite alleges that she is disabled within the meaning of the Act primarily because of her gross obesity, back pain, and mental impairments. Satterwhite argues that she is mentally impaired because she has a Full Scale I.Q. of 80, and suffers from depression, social phobia, and schizoid personality disorder.

After a hearing on the matter, an administrative law judge ("ALJ") denied Satterwhite benefits. The ALJ found that Satterwhite's physical impairments were "severe," but did not prevent her from performing all jobs in the national economy. The ALJ specifically evaluated Satterwhite's low I.Q. under category 12.05 Mental Retardation and Autism. See 20 C.F.R. pt. 404, subpt. P, app. 1. The ALJ concluded, however, that this impairment was not "severe." The ALJ made no express findings on Satterwhite's depression, social phobia, or schizoid personality disorder. The district court affirmed the Administration's denial of benefits.

This court reviews the Administration's denial of social security disability benefits to determine whether the ALJ applied the proper legal standards and whether the decision "is supported by substantial evidence on the record as a whole." Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992). The only issue that Satterwhite raises that merits discussion is whether the ALJ erred in not specifically evaluating Satterwhite's claim that she was mentally impaired due to depression, social phobia, and schizoid personality disorder.

An ALJ's determination of whether an individual is disabled must be based on "the combined effect of all of the individual's impairments, without regard to whether any such impairment, if considered separately, would be of such severity." 42 U.S.C. § 423(d)(2)(B). The Act's implementing regulations provide a five-step sequential process for determining whether a claimant is disabled and entitled to benefits under the Act. See 20 C.F.R. § 404.1520. The regulations outline in even greater detail the procedure that an ALJ is to follow in evaluating a claimant's mental impairments. See 20 C.F.R. § 404.1520a. Section 404.1520a requires the ALJ to identify specifically the claimant's mental impairments, rate the degree of functional limitation resulting from each in four broad functional areas, and determine the severity of each impairment. Furthermore, § 404.1520a(e) provides that the ALJ must document his application of this technique to the claimant's mental impairments.

In this case, the ALJ followed this procedure with respect to Satterwhite's low I.Q., evaluating Satterwhite's condition under category 12.05, entitled "Mental Retardation and Autism." See 20 C.F.R. pt. 404, subpt. P, app. 1. He then documented these findings in a Psychiatric Review Technique Form ("PRTF") appended to his decision.

The ALJ made no express findings, however, on Satterwhite's claims of depression, social phobia, and schizoid personality

disorder.  Evidence of these impairments came from two primary sources: (1) Ruthann Curtis; and (2) Dr. Kevin McFarley.  Curtis, a cognitive rehabilitation therapist, evaluated Satterwhite in March 1997.  Curtis found that Satterwhite was "clinically depressed."  The ALJ discounted Curtis' testimony as "out of the realm of her expertise."

Dr. McFarley examined Satterwhite in February 1997.  He described her as having a flat affect and a depressed mood.  Dr. McFarley diagnosed Satterwhite with social phobia, dysthmic disorder, and schizoid personality disorder.  The ALJ did not discuss Dr. McFarley's diagnoses in his opinion or in the PRTF.  Although the ALJ noted in his opinion that Satterwhite had difficulty in maintaining social functioning and preferred to be alone, he did not engage in the detailed technique that § 404.1520a prescribes.  The PRTF contained no findings with regard to category 12.04 "Mood Disorders," which include "depressive syndrome," the listed symptoms of which appear to describe Satterwhite's condition.  See 20 C.F.R. pt. 404, subpt. P, app. 1.

Therefore, we conclude that the ALJ erred in not evaluating Satterwhite's claims of depression, social phobia, and schizoid personality disorder according to the procedures described in § 404.1520a.  As a result, we reverse the judgment of the district court and remand the case to that court, which, in turn, should remand the case to the Secretary, for further proceedings

consistent with this opinion.  We express no opinion on whether Satterwhite will prevail on the merits of her mental impairment claims.  We hold only that the regulations require the ALJ to specifically evaluate these claims and document its findings accordingly.

REVERSED AND REMANDED.